UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT W. WILDMAN,

        Plaintiff,

        v.                                  Case No. 24-cv-1155-bhl

OSHKOSH CORRECTIONAL INSTITUTION,
DR. MURPHY, and
NURSE STEUBER,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Robert Wildman, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wildman's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Wildman has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Wildman has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $13.04. Wildman's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

ALLEGATIONS OF THE COMPLAINT

According to Wildman, in September 2021, Dr. Beede McKinney, who works at the Rhinelander/Woodruff Clinics, diagnosed Wildman with neuropathy and prescribed tramadol as a treatment. Wildman asserts that he has not received tramadol since he was incarcerated more than a year ago. He also asserts that, in February 2017, Dr. McKinney diagnosed Wildman with an aspirin allergy, but Defendants Dr. Murphy and Nurse Stueber prescribed it anyway. Wildman seeks damages and wants the Department of Corrections to closely review the medical records of new inmates. He also asks that, given his prior diagnosis, he be re-examined for neuropathy.

THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). The complaint does not contain sufficient factual matter from which the Court can reasonably infer that Wildman satisfies either prong of the standard. Accordingly, the complaint fails to state a claim.

With regard to the first prong of the standard, Wildman alleges only that, three years ago, a doctor in the community diagnosed him with neuropathy. Wildman does not explain what neuropathy is or what symptoms he was experiencing prior to receiving that diagnosis. And, more importantly, Wildman does not explain what symptoms he currently is experiencing. The Court cannot reasonably infer based solely on a three-year old diagnosis that Wildman continues to suffer

3

from an objectively serious medical condition. With regard to the second prong of the standard, Wildman alleges only that Defendants refused to continue his prescription for tramadol. "But different views among physicians about reasonable treatments does not establish deliberate indifference or entitle an inmate to his preferred treatment." *Franklin v. Hannula*, 850 F. App'x 436, 439 (7th Cir. 2021). Wildman does not allege what he communicated to Defendants about his symptoms, when or how often he communicated with Defendants, or how Defendants responded to him. Thus, even assuming Wildman suffers from a serious medical condition, the Court cannot reasonably infer that Defendants were deliberately indifferent to that condition simply because they did not provide Wildman with the medication of his choice.

Finally, Wildman alleges that Defendants were deliberately indifferent to his aspirin allergy, which was documented by a doctor in the community in 2017. Wildman does not allege that he informed Defendants that he was allergic to aspirin or that they knew he was allergic to aspirin when they prescribed it; he merely suggests that they should have noted the allergy in his medical records. But, even assuming Defendants had access to Wildman's medical records, their failure to take note of a medical record from seven years prior amounts to, at most, negligence, which is not sufficient to support a constitutional claim. *See Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) ("[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.").

The Court will give Wildman an opportunity to file an amended complaint that cures the deficiencies identified in this decision. Wildman should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain the severity of the symptoms he was experiencing, to whom and how often he complained about his symptoms, and what that person did or did not do in response. Wildman should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can

be understood by someone who knows nothing about the facts of his case. An amended complaint will replace the original complaint and should be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Wildman's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Wildman's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 24, 2024**, Wildman may file an amended complaint that cures the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Wildman a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Wildman shall collect from his institution trust account the $336.96 balance of the filing fee by collecting monthly payments from Wildman's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wildman is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wildman's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wildman is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wildman is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 24, 2024.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge