UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT W. WILDMAN,

                Plaintiff,

v.                                                                             Case No. 24-cv-1155-bhl

OSHKOSH CORRECTIONAL INSTITUTION, et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Robert Wildman, who is incarcerated at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On September 24, 2024, the Court screened the complaint and, after concluding it failed to state a claim upon which relief could be granted, gave Wildman the opportunity to file an amended complaint. On October 9, 2024, Wildman filed a motion to stay the case to allow him to exhaust the available administrative remedies. According to Wildman, he received bad advice from a fellow inmate regarding the filing of his complaint. He explains that, after he filed his complaint, he met another inmate who advised him of the exhaustion requirement. Dkt. No. 9. On October 15, 2024, Wildman, with the assistance of a jailhouse lawyer, filed an amended complaint and a motion to appoint counsel. Dkt. Nos. 10, 11. For the reasons explained below, the Court will dismiss this case.

### SCREENING OF THE AMENDED COMPLAINT

      As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised

any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Defendant Patrick Murphy is a doctor at Oshkosh Correctional Institution, where Defendant Steuber works as a nurse. According to Wildman, he has "continuously reminded the

2

defendants of his neuropathy and the insatiable pains that come from this condition." He also asserts that his "efforts only got ineffective responses or cursory treatment procedures to justify charging Plaintiff for his continuous complaints of pain." Finally, Wildman alleges that Defendants "suggested, prescribed and dispensed" aspirin to him even though he is allergic to aspirin. Dkt. No. 10.

### THE COURT'S ANALYSIS

As was the case with Wildman's original complaint, the amended complaint fails to include sufficient factual matter to raise his claim for relief above the speculative level. Wildman's amended complaint is long on legal conclusions, *e.g.*, that Defendants' acts were "callous, willful, reckless, and in total disregard of Plaintiff's life and health as well as his constitutional and state rights," but short on factual allegations that would allow the Court to reasonably reach the same conclusions. As the Court noted in the original screening order, Wildman does not explain what neuropathy is, he does not describe his symptoms (other than to vaguely state he is in pain), nor does he detail how often he spoke to Defendants, what he said to them, or how they responded. Wildman simply concludes that their responses (whatever those might have been) violated his constitutional rights, but even under the liberal notice pleading standard, unsupported legal conclusions do not state a claim. *See Ashcroft*, 556 U.S. at 678. With regard to Defendants prescribing and administering aspirin, Wildman said he had a known allergy, but he does not clarify if *Defendants* knew he had an allergy to aspirin. Nor does he assert that he took the aspirin, and, if he did, what sort of reaction he experienced. To state a claim, Wildman must allege not only that his constitutional rights were violated but also that the violation caused him injury or damages. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). For these reasons, the Court will dismiss this case based on the amended complaint's failure to state a claim upon which relief

can be granted. Because the case is being dismissed, the Court will also deny his motion to appoint counsel as moot.

It also appears that dismissal would be warranted on a separate ground. Under 42 U.S.C. 1997e(a), "No action shall be brought with respect to prisoner conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." This means that a prisoner must *complete* the exhaustion process before he files a lawsuit; he cannot complete the exhaustion process while the lawsuit is pending. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process). Wildman explains in his motion to stay that he now understands that he should not have brought his lawsuit before completing the exhaustion process. Thus, even if Wildman had stated a viable claim in his amended complaint, "the courthouse doors [would be] closed" to him until after he completes the exhaustion process. Staying the case while Wildman completes the exhaustion process is not an option.

If Wildman so chooses, he may complete the exhaustion process, and then file a new complaint that includes sufficient factual content for the Court to reasonably infer that Defendants violated his constitutional rights. Again, Wildman should describe his symptoms (where does he feel pain, how often does he feel pain, how severe is the pain), and he should detail who he talked to, how often he talked to that person, and what he said. Finally, Wildman should include information about the responses he received and how he was impacted by those responses. Wildman does not have to identify legal theories or include case citations; he simply must tell the Court what happened and how it impacted him. Wildman is reminded that, if he files a complaint and he has not exhausted the administrative remedies, the complaint will be subject to dismissal.

*See Jones v. Bock*, 549 U.S. 199, 211–12 (2007) (holding that a failure to exhaust is an affirmative defense).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that Wildman's motion to stay pending the disposition of administrative remedies (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Wildman's motion to appoint counsel (Dkt. No. 11) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge