UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT W. WILDMAN,

        Plaintiff,

    v.                                Case No. 24-cv-1155-bhl

OSHKOSH CORRECTIONAL INSTITUTION, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Robert W. Wildman is representing himself in this 42 U.S.C. §1983 case. On October 18, 2024, the Court dismissed this case because Wildman's amended complaint failed to state a claim upon which relief could be granted. Dkt. No. 13. On November 6, 2024, Wildman filed a motion for reconsideration under Fed. R. Civ. P. 59(e). Dkt. No. 15. The Court will deny the motion.

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co*., 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Wildman does not present newly discovered evidence or identify a manifest error of law. Instead, he explains why he disagrees with how the Court applied the law when it screened his amended complaint. Because it is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion, the Court will deny the motion. As explained in the screening order, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**IT IS THEREFORE ORDERED** that Wildman's motion for reconsideration (Dkt. No. 15) is **DENIED**.

Dated at Milwaukee, Wisconsin on November 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge